UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James E. Curtis,<br><br>      Plaintiff,<br><br>v.<br><br>Jeff Gutzmer,<br><br>      Defendant. | Case No. 16-cv-4269 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

James E. Curtis, Reg. No. 984533, Washington State Penitentiary, 1313 N. 13th Avenue, Walla Walla, Washington 99362, Pro Se.

Rachel Bell, Esq., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, Saint Paul, Minnesota 55101, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

**I.     INTRODUCTION**

This matter comes before the Court on Plaintiff James E. Curtis's Objections [Doc. No. 29] to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R") dated January 23, 2018 [Doc. No. 28]. The magistrate judge recommended that Defendant Jeff Gutzmer's Motion to Dismiss [Doc. No. 12] be granted.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's R&R to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that R&R.  28 U.S.C.

§ 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3).  For the reasons stated herein, the Court overrules Plaintiff's Objection and adopts the R&R in its entirety.

## II.  BACKGROUND

The facts of this case, taken from Plaintiff's Complaint, are thoroughly detailed in the background section of the R&R, which the Court incorporates by reference here. Briefly stated, Plaintiff James Curtis is an inmate from the state of Washington who was formerly housed within the Minnesota Department of Corrections ("MNDOC") pursuant to the Interstate Corrections Compact.  (Compl. [Doc. No. 1], at 11.)  For a period of just over five months, beginning on October 10, 2014, Plaintiff was housed in Minnesota's Oak Park Heights facility.  (*Id.* at 16, 56.)  Plaintiff spent most of that time in a segregation unit due to prior incidents of misconduct at MCF-Stillwater.  (*Id.* at 13–16, 42, 50–53.)  During his brief time at MCF-Oak Park Heights, Plaintiff alleges that he faced nearly continuous mistreatment and abuse from guards and staff, such as having his food poisoned and his cell contaminated with repugnant "malodorant[s]."  (*See generally id.*)  As a result, Plaintiff filed constant complaints with the prison staff, including over 150 pages of informal kites and formal grievances which he attached as exhibits to his complaint.  (*See, e.g.*, Compl. Ex. 1, at 51–70.)  On March 26, 2015, Plaintiff was transferred back to the state of Washington. (Compl., at 13.)

Plaintiff subsequently filed this pro se lawsuit, naming Lieutenant Jeff Gutzmer of MCF-Oak Park Heights as the sole defendant.  Plaintiff claims that Defendant conspired with other prison officials to have him transferred back to Washington in retaliation for his use of the grievance process.  Magistrate Judge Brisbois construed Plaintiff's Complaint to

allege one count each of retaliatory transfer and civil conspiracy under 42 U.S.C. § 1983. (R&R, at 13–14.) The Complaint seeks declaratory, injunctive, and monetary relief against Defendant in his official and unofficial capacities. Defendant timely moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (*See* Def. Gutzmer's Mot. to Dismiss [Doc. No. 12].)

After carefully analyzing the allegations in the Complaint, Magistrate Judge Brisbois recommended that the Court grant Defendant's Motion to Dismiss. First, Magistrate Judge Brisbois recommended that Plaintiff's claims for monetary relief against Defendant in his official capacity be dismissed for lack of subject matter jurisdiction pursuant to the Eleventh Amendment, and that Plaintiff's claim for declaratory relief be dismissed for failure to state a proper claim for declaratory judgment. (R&R, at 18–20.) Second, Magistrate Judge Brisbois concluded that Plaintiff failed to plead sufficient facts to make out a prima facie case of either retaliatory transfer or civil conspiracy against Defendant, in large part because he did not sufficiently allege Defendant's personal involvement in the transfer itself, or in a conspiracy to transfer. (*Id.* at 25, 27.) Therefore, the magistrate judge recommends that Plaintiff's claims for injunctive relief against Defendant in his official and individual capacities, and Plaintiff's claims for monetary damages against Defendant in his individual capacity be dismissed. (*Id.*) Plaintiff timely filed an Objection to the R&R, and for the reasons below, the Court overrules the Objection and adopts the R&R.

## III.  DISCUSSION

### A.  Standard of Review

Upon issuance of an R&R, a party may "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626, 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11-cv-473, 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in her objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).

### B.  Plaintiff's Objections

Plaintiff raised three objections to Magistrate Judge Brisbois's R&R. (*See* Objs., at 1, 9, 11.) He argues that he pleaded sufficient facts to show Defendant's personal involvement in both the civil conspiracy and the retaliatory transfer, and that he established Defendant's retaliatory motive. Therefore, he objects to the recommended disposition of his claims for money damages against Defendant in his individual capacity and his claims for

4

injunctive relief. Because Plaintiff did not object to Magistrate Judge Brisbois's analysis of his claims for declaratory relief or official-capacity monetary damages, the Court will adopt those portions of the R&R. Plaintiff's objections are addressed below.

### C.     Retaliatory Transfer

In order to prove a § 1983 claim, a plaintiff must show that "a government official has personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). A § 1983 retaliatory transfer claim requires the plaintiff to show that a prison official's desire to punish the prisoner for exercising a constitutional right was the motivating factor behind his transfer. *See Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996). Plaintiff must therefore plead that Defendant was personally involved in his transfer back to Washington, and also that Defendant was motivated by Plaintiff's exercise of a constitutional right.

#### 1. Personal Involvement

Magistrate Judge Brisbois concluded that Plaintiff failed to sufficiently plead a retaliatory transfer claim because nothing in the Complaint "demonstrates that Defendant Gutzmer was actually involved in Plaintiff's transfer back to Washington State." (R&R, at 22.) Although Plaintiff concedes that Warden Grandlienard made the final decision to transfer him, he objects that he is only required to plead facts establishing that "Gutzmer's participation set in motion the acts that resulted" in his transfer, and Plaintiff argues that his Complaint contains sufficient allegations to meet that standard. (Objs. at 10.)

Plaintiff cites to a federal district court decision from the District of North Dakota which was decided and affirmed by the Eighth Circuit on other grounds, and nonetheless is

5

distinguishable. *See Fernandez v. North Dakota*, No. 12-cv-161, 2014 WL 7409550, at \*4 (D. N.D. Nov. 3, 2014), *aff'd*, 612 F. App'x 407 (8th Cir. 2015). In *Fernandez*, the court's conclusion that there was "some evidence" the decision to transfer the plaintiff was "a collective decision or even one dictated by [a defendant]" was dictum, because the court ultimately granted summary judgment to the defendants. *Id.* at \*11. Furthermore, the evidence referenced by the court included actual conversations between the Warden and the defendants in which the defendants recommended a transfer, as well as a memorandum written by one of the defendants recommending that the plaintiff be transferred because of the threat of legal action. *Id.*

By comparison, even assuming Plaintiff could proceed under a collective-decision theory, there are no factual allegations in Plaintiff's Complaint supporting his claim that the decision to transfer him was, in fact, collective. Plaintiff baldly alleges that Defendant, who was merely a Unit Lieutenant, "me[t] with and/or otherwise exert[ed] undue influence upon Captain Ayers, A/W/O Reishus, Warden Grandlienard, the Interstate Transfer Coordinator, Ms. Sherlinda Wheeler, and/or John Doe 1 thru John Doe 100, in order to intentionally effectuate plaintiff's transfer out of MNDOC." (Compl., at 59.) Plaintiff also alleges that Defendant told Plaintiff that "plaintiff could continue to pursue his make-believe allegations until HE could get plaintiff transferred back to Washington State." (*Id.* at 34.) But even those allegations combined are insufficient to plausibly support an inference of collective decision-making, particularly when Defendant also repeatedly informed Plaintiff that he had "zero" authority over where Plaintiff was housed. (Compl. Ex. MM, at 22.) In short, Magistrate Judge Brisbois correctly concluded that Plaintiff failed to plead sufficient facts to

6

show Defendant's personal involvement in the alleged violation of Plaintiff's constitutional rights.

### 2. Retaliatory Motive

Plaintiff also objects to Magistrate Judge Brisbois's conclusion that "nothing alleged in the Complaint is sufficient to meet the § 1983 requirement . . . that Defendant's alleged desire to punish Plaintiff for alleged constitutionally protected activities was the motivating factor behind the decision to transfer Plaintiff." (R&R, at 25.) Although prison officials generally "may transfer a prisoner for whatever reason or no reason at all," a prisoner may not be "transferred in retaliation for the exercise of a constitutional right." *Goff*, 91 F.3d at 1191. It is clearly established in this jurisdiction that "retaliatory actions for filing a prison grievance are actionable." *Spencer v. Jackson County*, 738 F.3d 907, 912 (8th Cir. 2013). However, "an inmate may be transferred for filing frivolous or repetitive grievances" because frivolous grievances are not protected speech. *Rouse v. Benson*, 193 F.3d 936, 941 (8th Cir. 1999); *see also Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) ("Although defendants admit that Ward was transferred in part to give prison staff a respite from his continuous barrage of grievances, this reason is not an impermissible reason for a transfer. By transferring Ward, defendants were able to maintain the peaceful management of the prison by reducing the tension between the staff and Ward without discouraging him from seeking redress of his grievances."); *Porter v. Howard*, No. 11-cv-12317, 2012 WL 3263778, at *3–4 (E.D. Mich. Aug. 9, 2012) (transfer did not violate the Constitution because filing frivolous grievances was not protected speech).

As the R&R notes, Plaintiff's own allegations show that prison officials repeatedly informed him of the non-retaliatory reasons why he was being transferred. (R&R, at 22.) Warden Grandlienard informed Plaintiff directly that "[b]ased on the fact that you are in our ACU (segregation) you are clearly not meeting one of the goals and purposes of the Interstate Compact," which is "giving offenders a 'fresh start' in another state where they can be involved in positive programming in general population." (*Id.* at 9.) Defendant and other officials also frequently informed Plaintiff that his grievances were "unfounded" and warned him to stop making "false accusations." (*See id.* at 9, 12.) Taken as a whole, the Complaint does not plausibly allege that Defendant was personally responsible for Plaintiff's transfer, or that the transfer resulted from impermissible, retaliatory motivation.

### D. Civil Conspiracy

To plead a § 1983 civil conspiracy claim, Plaintiff must allege facts showing that Defendant (1) conspired with others to deprive Plaintiff of a constitutional right; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Moreover, Plaintiff must also allege the actual deprivation of a constitutional right. *Id.* Magistrate Judge Brisbois concluded that Plaintiff failed to plead a factual basis on which the Court could find that Defendant conspired with others to deprive Plaintiff of a constitutional right. (R&R, at 25.)

Plaintiff objects that he has alleged sufficient facts to "allow the Court to reasonably infer that Gutzmer met with Ayers and entered into an agreement to get Plf. transferred, and

8

that they acted in furtherance of this objective." (Objs., at 8.) But that inference is not sufficient to meet Plaintiff's burden. As the Court previously noted, only Warden Grandlienard had the authority to transfer Plaintiff. Even if Defendant entered into an agreement with Captain Ayers, neither of those two alleged co-conspirators had the power to deprive Plaintiff of his constitutional right. Further, Plaintiff likewise failed to plausibly allege that Gutzmer or Ayers successfully deprived Plaintiff of his rights. In order to successfully plead his conspiracy claim, Plaintiff would have had to allege a conspiracy between Defendant and Warden Grandlienard. But as Magistrate Judge Brisbois concluded, and as Plaintiff implicitly conceded in his Objections, the facts as alleged in the Complaint are insufficient to support such a claim. The Court therefore agrees with the R&R that Plaintiff failed to state a claim for civil conspiracy under § 1983.

### IV.   CONCLUSION

For the reasons stated, the Court concludes that Defendant's Motion to Dismiss should be granted. Accordingly, the Court overrules Plaintiff's Objection, and adopts the R&R in full.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss [Doc. No. 12] is **GRANTED;**

2. Plaintiff's § 1983 claims for monetary and punitive damages against Defendant in his official capacity are **DISMISSED with prejudice**;

3. Plaintiff's § 1983 claims for monetary and punitive damages against Defendant in his individual capacity are **DISMISSED without prejudice**;

4. Plaintiff's § 1983 claims for injunctive and declaratory relief against Defendant in his official and individual capacity are **DISMISSED without prejudice**; and

5. Plaintiff's Complaint [Doc. No. 1] is **DISMISSED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

Dated: March 29, 2018                **s/Susan Richard Nelson**
                                     SUSAN RICHARD NELSON
                                     United States District Judge